**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| **OLEG VOLK** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CV:6-08-094** |
| | ) | |
| **DEREK ZEANAH** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**ANSWER, DEFENSES, AND COUNTERCLAIMS**

COMES NOW, Defendant Derek Zeanah and in response to the Amended

Complaint in the above-captioned matter hereby timely files his Answer, Defenses, and

Counterclaims respectfully showing the Court as follows:

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Plaintiff's claims are barred pursuant to the doctrine of unclean hands.

THIRD DEFENSE

Plaintiff's claims are barred pursuant to the doctrine of laches.

FOURTH DEFENSE

Plaintiff's claims are barred pursuant to the doctrine of estoppel.

FIFTH DEFENSE

Plaintiff has failed to show that he is the owner of any valid trademark for the

mark THE HIGH ROAD and/or similar variations thereof.

SIXTH DEFENSE

Plaintiff has failed to show that it is the owner of any valid domain name comprised of the mark THE HIGH ROAD or similar variations thereof.

## SEVENTH DEFENSE

Plaintiff has failed to show that any conduct by Defendant has been the proximate cause of any damages allegedly suffered by Plaintiff.

## EIGHTH DEFENSE

Plaintiff has failed to show that an actual case or controversy exists with respect to the subject matter of the Amended Complaint.

## NINTH DEFENSE

Plaintiff has failed to show that Defendant breached any fiduciary duty to Plaintiff.

## TENTH DEFENSE

Plaintiff has failed to show that any property validly owned by Plaintiff has been converted by Defendant.

## ELEVENTH DEFENSE

Plaintiff has failed to show that Defendant has interfered with any business relationship of Plaintiff.

## TWELFTH DEFENSE

Plaintiff lacks standing to bring the Complaint.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred pursuant to the doctrine of abandonment.

## FOURTEENTH DEFENSE

Plaintiff has failed to show he is the owner of any valid copyright or that Defendant has infringed any such copyright.

FIFTEENTH DEFENSE

Plaintiff's claims for statutory damages are barred.

As further defenses, Defendant responds to the individually numbered paragraphs of Plaintiff's Amended Complaint.

**THE PARTIES**

-1-

Defendant is without sufficient information to either admit or deny the statements and allegations set forth in this paragraph of the Complaint.

-2-

Admitted.

**JURISDICTIONAL ALLEGATIONS**

-3-

Defendant admits this Court has subject matter jurisdiction in this matter.

-4-

Admitted.

-5-

Admitted.

**FACTUAL ALLEGATIONS**

-6-

Defendant states it is without sufficient information to admit or deny the "announcements" made by Rich Lucibella in December 2002; denies the remaining

allegations of this paragraph; and specifically denies that Volk "chose The High Road as the name of the forum."

-7-

Defendant states it is without sufficient information to admit or deny whether "many of the volunteer staff of The Firing Line expressed a willingness to assist in the moderation  and operation of The High Road" online forum; admits Rich Lucibella originally registered the domain name <thehighroad.org>; and denies the remaining allegations of this paragraph.

-8-

Defendant admits that in or around December 2002 he acted as administrator and web host for The High Road forum; admits that various monetary contributions were made with respect to The High Road forum; and denies any remaining allegations of this paragraph.

-9-

Denied.

-10-

Defendant denies the factual allegations in this paragraph; states that he is not required to respond to the legal conclusions of this paragraph; and denies any remaining allegations in this paragraph.

-11-

Denied.

-12-

Defendant states it is without sufficient information to admit or deny the specifics

of Volk's filing of an application to register copyright; denies Volk has any authority to file such application; denies Volk owns any copyright in the content of The High Road forum database; and denies any remaining allegations of this paragraph.

-13-

Defendant is without information sufficient to form a belief as to the truthfulness of the allegations of this paragraph.

-14-

Defendant admits that the service mark "The High Road" is inherently distinctive; denies any remaining allegations of this paragraph; and specifically denies that Plaintiff owns rights in THE HIGH ROAD mark.

-15-

Defendant states it is without sufficient information to admit or deny the mark THE HIGH ROAD was applied to clothing and sold by Volk; specifically denies Volk has any authority to control the mark; and denies any remaining allegations of this paragraph.

-16-

Defendant admits that donations were used, in part, to upgrade networking hardware; admits he had possession of such hardware; and is without information sufficient to form a belief as to the truthfulness of the remaining allegations of this paragraph.

-17-

Denied.

-18-

Denied.

-19-

Defendant admits that the registrant for the domain name The High Road was changed from Network Solutions LLC to go to Go Daddy Software, Inc.; admits the registrant information was changed to Derek Zeanah; denies he was entrusted with any necessary passwords to affect any transfer on behalf of Volk to Rich Lucibella; and denies any remaining allegations of this paragraph.

-20-

Denied.

-21-

Admitted.

-22-

Defendant denies Volk has rights to control or negotiate on behalf of The High Road; and denies any remaining allegations of this paragraph.

-23-

Defendant denies Volk has rights to control or negotiate on behalf of The High Road; and denies any remaining allegations of this paragraph.

-24-

Defendant states it is without sufficient information to admit or deny when Plaintiff "became aware" that the domain registration was in Zeanah's name; and denies any remaining allegations of this paragraph.

-25-

Denied.

-26-

Denied.

-27-

Denied.

-28-

Denied.

## COUNT I – DECLARATORY JUDGMENT OF OWNERSHIP

-29-

Defendant incorporates and re-alleges paragraphs 1 through 28 of its answer,

defenses, and counterclaims as though the same were fully set forth herein.

-30-

Denied.

-31-

Denied.

-32-

Denied.

## COUNT II – ALLEGED CYBERPIRACY IN VIOLATION OF
## THE ANTICYBERSQUATTING CONSUMER PROTECTION ACT,
## 15 U.S.C. § 1125(d)

-33-

Defendant incorporates and re-alleges paragraphs 1 through 32 of its answer,

defenses, and counterclaims as though the same were fully set forth herein.

-34-

Denied.

-35-

Denied.

-36-

Denied.

-37-

Denied.

## COUNT III – ALLEGED BREACH OF FIDUCIARY DUTY

-38-

Defendant incorporates and re-alleges paragraphs 1 through 37 of its answer, defenses, and counterclaims as though the same were fully set forth herein.

-39-

Defendant admits he provides technical support and web hosing services to the benefit of The High Road forum; and denies any remaining allegations of this paragraph.

-40-

Denied.

-41-

Denied.

-42-

Denied.

-43-

Denied.

## COUNT IV – ALLEGED CONVERSION/REPLEVIN

-44-

Defendant incorporates and re-alleges paragraphs 1 through 43 of its answer, defenses, and counterclaim as though the same were fully set forth herein.

-45-

Defendant admits in or around late 2002 he began providing technical support and web hosting for the website forum associated with The High Road mark and <thehighroad.org> domain name; admits upgraded hardware was purchased using, in part, donated funds; admits physical possession of such hardware was with Defendant; and denies any remaining allegations of this paragraph.

-46-

Denied.

-47-

Denied.

-48-

Denied.

-49-

Denied.

-50-

Denied.

-51-

Denied.

## COUNT IV – ALLEGED TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

-52-

Defendant incorporates and re-alleges paragraphs 1 through 51 of its answer, defenses, and counterclaim as though the same were fully set forth herein.

-53-

Defendant states it is without sufficient information to admit or deny when Volk began negotiations with a third party for a business relationship regarding <thehighroad.org> domain name and The High Road forum; denies Volk had any authority to engage in such negotiations; and denies any remaining allegations of this paragraph.

-54-

Denied.

-55-

Denied.

-56-

Denied.

-57-

Denied.

## COUNT V – ALLEGED COPYRIGHT INFRINGEMENT

-58-

Defendant incorporates and re-alleges paragraphs 1 through 57 of its answer, defenses, and counterclaims as though the same were fully set forth herein.

-59-

Denied.

-60-

Denied.

-61-

Denied.

-62-

Denied.

-63-

Denied.

WHEREFORE, Defendant denies any allegations in the Complaint not specifically admitted herein; denies that Plaintiff is entitled to the relief requested in the Complaint or any other relief whatsoever; and respectfully requests that the Court dismiss with prejudice all claims by Plaintiff against Defendant and award Defendant costs and reasonable attorneys fees incurred in connection with this matter.


## COUNTERCLAIMS

NOW COMES Derek Zeanah, Counter-Plaintiff in the above-captioned matter, and hereby asserts these counterclaims against Oleg Volk, Counter-Defendant, and respectfully shows the Court as follows:

### The Parties

-1-

Upon information and belief, Counter-Defendant Oleg Volk ("Volk") is an individual residing at 3112 Chambley Court, Hermitage, Tennessee 37076.

-2-

Counter-Plaintiff Derek Zeanah ("Zeanah") is an individual residing at 470 Country Club Road, Statesboro, Georgia 30458.

### Jurisdictional Allegations

-3-

This Court has subject matter jurisdiction over this matter.

-4-

This Court has personal jurisdiction over Volk.

-5-

Venue is appropriate in this matter.

### Factual Allegations

-6-

Zeanah is the owner of the mark THE HIGH ROAD.

-7-

Zeanah is the owner of the domain name <thehighroad.org>.

-8-

Zeanah and Volk shared ownership interests in The High Road online forum found at <thehighroad.org>.

-9-

Volk has improperly registered the domain name <thehighroad.us>.

-10-

Volk has improperly claimed sole ownership to the content of the online forum found at <thehighroad.org> by registering such content with the United States Copyright

Office and otherwise improperly posting such information at the website

<thehighroad.us>.

-11-

The online forums found at <thehighroad.org> and <thehighroad.us> are in

competition with one another.

-12-

Upon information and belief, Volk and/or those under his direction or control,

have improperly hacked into the database associated with The High Road forum found at

<thehighroad.org> and caused a copy of the contents from <thehighroad.org> to be

posted on <thehighroad.us>.

**COUNT I**

**<u>Declaratory Judgment of Ownership</u>**

-13-

Zeanah realleges and incorporates by reference each and every allegation set forth

in this Answer, Defenses and Counterclaims as if set forth verbatim herein.

-14-

Volk has improperly sought to gain control of the domain name

<thehighroad.org> and the trademark THE HIGH ROAD and confusingly similar

variations thereof.

-15-

By reason of Volk's action, Zeanah has suffered loss of use of and control over

his property and the right to commercialize same.  As a result, Zeanah has been

irreparably harmed by Volk's actions and suffered damages in an amount to be

determined at trial.

-16-

Zeanah is the owner of the trademark THE HIGH ROAD and the domain name

<thehighroad.org>.

## COUNT II

## <u>Trademark Infringement and Cyberpiracy in Violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125 et seq.</u>

-17-

Zeanah realleges and incorporates by reference each and every allegation set forth

in this Answer, Defenses and Counterclaims as if set forth verbatim herein.

-18-

Zeanah is the owner of the mark THE HIGH ROAD used on or in connection

with an online forum concerning firearms as may be found at <thehighroad.org>.

-19-

Volk has improperly registered the domain name <thehighroad.us> and

improperly maintained such domain name with content confusingly similar to the content

found at <thehighroad.org>.

-20-

Volk's conduct is likely to cause, and has caused actual, consumer confusion in

the market.

-21-

Volk's conduct has been and continues to be deliberate and willful.

-22-

As a direct and proximate result of Volk's conduct, Zeanah has suffered and will continue to suffer damages and irreparable harm.

## COUNT III

### Conversion – O.C.G.A. § 51-10-1

-23-

Zeanah realleges and incorporates by reference each and every allegation set forth in this Answer, Defenses and Counterclaims as if set forth verbatim herein.

-24-

Volk has converted for Volk's benefit Zeanah's trademark THE HIGH ROAD, and confusingly similar variations thereof, in violation of Georgia's laws against conversion, O.C.G.A. § 51-10-1.

-25-

As a result of Volk's theft and conversion of Zeanah's property, Zeanah has suffered injury and is entitled to recover actual compensatory damages suffered and disgorgement of Volk's profits.

-26-

Zeanah is entitled to an award of the expenses of litigation against Volk, including reasonable attorney's fees, as a result of Volk's bad faith pursuant to O.C.G.A. § 13-6-11.

-27-

Zeanah is entitled to an award of punitive damages against Volk in order to punish Volk and deter the same or similar conduct in the future pursuant to O.C.G.A § 51-12-5.1.

## COUNT IV

**<u>Violation of Georgia's Uniform Deceptive Trade Practices Act,
O.C.G.A. § 10-1-370, et seq.</u>**

-28-

Zeanah realleges and incorporates by reference each and every allegation set forth in this Answer, Defenses and Counterclaim as if set forth verbatim herein.

-29-

Through Volk's improper use of the mark THE HIGH ROAD, and similar variations thereof, Volk has caused and continues to cause a likelihood of confusion, and actual confusion, as to the source, origin, and approval of goods and services offered by Zeanah and Volk.

-30-

Through Volk's use of the mark THE HIGH ROAD, and similar variations thereof, Volk has caused and continues to cause a likelihood of confusion and actual confusion as to the affiliation, connection or association by another.

-31-

As a result of Volk's action in violation of O.C.G.A. § 10-1-370 et seq., Zeanah has suffered irreparable harm and damages and will continue to do so until such conduct is temporarily, preliminarily, and permanently enjoined.

-32-

Zeanah is entitled to an award of expenses of litigation against Volk, including reasonable attorney's fees, as a result of Volk's unauthorized and intentional actions and bad faith pursuant to O.C.G.A §§ 10-1-373 and 13-6-11.

-33-

Zeanah is entitled to an award of punitive damages against Volk in order to punish Volk and deter the same or similar conduct in the future pursuant to O.C.G.A. § 51-12-5.1.

## COUNT V

### Violation of Georgia's Laws Against Unfair Competition, and Deceiving and Misleading the Public, O.C.G.A. § 23-2-55.

-34-

Zeanah realleges and incorporates by reference each and every allegation set forth in this Answer, Defenses and Counterclaims as if set forth verbatim herein.

-35-

Volk has attempted to obtain, and in fact, has obtained, an unfair competitive advantage against Zeanah through Volk's unlawful use of THE HIGH ROAD and similar variations thereof.  As such, Volk's actions are in violation of O.C.G.A. § 23-2-55, and Zeanah is entitled to recover actual and compensatory damages suffered, a disgorgement of Volk's profits gained, and an injunction prohibiting Volk from violating Zeanah's rights.

-36-

Zeanah is entitled to be awarded expenses of litigation against Volk, including reasonable attorney's fees, as a result of Volk's unauthorized and intentional actions and bad faith pursuant to O.C.G.A. § 13-6-11.

-37-

Zeanah is entitled to an award of punitive damages against Volk in order to punish Volk and deter the same or similar conduct in the future pursuant to O.C.G.A. § 51-12-5.1.

## COUNT VI

## <u>Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.</u>

-38-

Zeanah realleges and incorporates by reference each and every allegation set forth in this Answer, Defenses and Counterclaims as if set forth verbatim herein.

-39-

Volk has engaged and is engaged in acts constituting violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 et seq.

-40-

Zeanah maintains one or more computers and protected computers as defined in § 1030(e) of the Computer Fraud and Abuse Act.

-41-

Upon information and belief, Volk, without authorization, or at the very least in excess of any authorization which he might have reasonably claimed, knowingly and willfully caused, through means of a computer and in interstate commerce, the transmission of programs, information, codes, or commands to Zeanah's computers, with the intent, at the very least with a reckless disregard of a substantial and unjustified risk that the transmissions were damaged, or caused damage to, a computer, computer system, network, information, data, and programs of Zeanah's computer facilities, and thereby causing injury to Zeanah.

-42-

The foregoing acts and conduct of Volk have caused, and if not enjoined will continue to cause, loss or damage to one or more persons, including Zeanah, of a value aggregating more than $5,000.00 during the applicable one year period.

-43-

As a result of Volk's acts, Zeanah has suffered and continues to suffer irreparable injury, loss of reputation, and pecuniary damages to be proven at trial.  Unless and until enjoined by this Court, Volk will continue these acts, thereby causing Zeanah further immediate and irreparable damage.

### COUNT VII

### Breach of Fiduciary Duty

-44-

Zeanah realleges and incorporates by reference each and every allegation set forth in this Answer, Defenses and Counterclaims as if set forth verbatim herein.

-45-

Volk and Zeanah shared ownership rights in the enterprise known as The High Road online forum.

-46-

Such shared ownership rights gave rise to a fiduciary relationship between Volk and Zeanah.

-47-

Volk breached his fiduciary duties to Zeanah when he attempted to exclude Zeanah from third party negotiations regarding monetizing The High Road online forum, registered the content of the forum with the U.S. Copyright Office, hacked into The High

Road online forum database and stole the content for re-posting on Volk's website <thehighroad.us>, infringed the mark The High Road, and otherwise improperly competed against The High Road online forum.

-48-

Volk's conduct has caused and continues to cause irreparable harm and damages to Zeanah in an amount to be determined at trial.

-49-

Zeanah is entitled to be awarded expenses of litigation against Volk, including reasonable attorney's fees, as a result of Volk's unauthorized, deliberate and intentional actions and bad faith pursuant to O.C.G.A. § 13-6-11.

-50-

Zeanah is entitled to an award of punitive damages against Volk in order to punish Volk and deter the same or similar conduct in the future pursuant to O.C.G.A. § 51-12-5.1.

## **PRAYER FOR RELIEF**

WHEREFORE, having stated its claims against Volk, Zeanah requests the following relief against Volk:

a)  That the Court enter judgment in favor of Zeanah declaring that Zeanah is the owner of the mark THE HIGH ROAD, the domain name <thehighroad.org>, and the content of the forum found at <thehighroad.org>;

b)  That Volk has infringed Zeanah's mark THE HIGH ROAD;

c)  That the Court enjoin Volk, and those in active concert or participation with Volk, temporarily and permanently, from all commercial uses of the mark

THE HIGH ROAD, and confusingly similar variations thereof, either alone or in combination with other terms, words or phrases, in connection with the operation of an online forum, and related goods and services;

d) That the Court order an accounting of Volk's profits earned in connection with use of the mark THE HIGH ROAD and confusingly similar variations thereof;

e) That the Court order a disgorgement of profits gained and advantages of Volk obtained in connection with the operation of an online forum in connection with use of the mark THE HIGH ROAD;

f) That the Court order an award of compensatory damages, statutory damages and actual damages suffered by Zeanah in an amount to be proven at trial.

g) That the Court award pre and post judgment interest, punitive, and exemplary damages against Volk in an amount to be proven at trial.

h) That the Court award reasonable attorney's fees and costs incurred in this action by Zeanah as permitted by law;

i) That the Court order such and other legal and equitable relief as this Court shall in its sound discretion being just and appropriate; and

j) That Zeanah be afforded a trial by jury on all issues so triable.

Respectfully submitted, this 26th day of January, 2009.

FRANKLIN TAULBEE RUSHING
SNIPES & MARSH

*/S/ DANIEL B. SNIPES*

_____
Daniel B. Snipes
Georgia State Bar No. 665769

12 Siebald St.
P. O. Box 327
Statesboro, Georgia 30458-0327
Telephone: 912-764-9055
Fax: 912-764-8687
Email: dsnipes@ftrsm.com

Attorneys for Defendant/Counter-Plaintiff

*Pro Hac Vice Motion Pending*

FLYNN PEELER & PHILLIPS, LLC

**/s/Charles E. Peeler**
Georgia State Bar No. 570399
Post Office Box 7 (31702)
517 West Broad Avenue
Albany, GA 31701
Telephone: 229-446-4886
Fax: 229-446-4884
Email: cpeeler@fpplaw.com

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| **OLEG VOLK** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CV:6-08-094** |
| | ) | |
| **DEREK ZEANAH** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2009, I electronically filed a true and correct copy of the foregoing ANSWER, DEFENSES, AND COUNTERCLAIMS through the Court's CM/ECF system which shall cause service to be electronically made upon the following:

Mr. George H. Rountree
Brown Rountree PC
26 North Main Street
P. O. Box 1988
Statesboro, Georgia 30459

Mr. Glenn D. Bellamy
Greenebaum, Doll & McDonald PLLC
2900 Chemed Center
255 East Fifth Street
Cincinnati, Ohio 45202

This 26th day of January, 2009.

/S/ DANIEL B. SNIPES
Daniel B. Snipes